

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| BROCK SMITH, | ) | *Opinion issued January 31, 2023* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99715 |
| | ) | |
| ST. LOUIS COUNTY POLICE, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |
| | | |
| and | | |
| | | |
| GARY NELSON FORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99714 |
| | ) | |
| COL. JON BELMAR, CHIEF OF | ) | |
| POLICE AS CHIEF LAW | ) | |
| ENFORCEMENT OFFICER OF | ) | |
| ST. LOUIS COUNTY, PURSUANT | ) | |
| TO COUNTY CHARTER, | ) | |
| AND | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL, | ) | |
| AND | ) | |
| JIM BUCKLES, SHERIFF OF | ) | |
| ST. LOUIS COUNTY AS "CHIEF LAW | ) | |
| ENFORCEMENT OFFICIAL" AS | ) | |
| DEFINED BY RSMO 589.404(3), | ) | |
| | ) | |
| Respondents. | ) | |

**APPEALS FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY**
The Honorable Virginia W. Lay, Judge

Brock Smith appeals a St. Louis County circuit court's judgment denying his petition for removal from the Missouri sex offender registry. Smith argues, because he is a tier I sex offender, § 589.400.1(7)[1] does not mandate he remain on the Missouri sex offender registry for his lifetime. The circuit court's judgment is affirmed.

Gary Nelson Ford appeals a St. Louis County circuit court's judgment denying his petition for removal from the Missouri sex offender registry. Ford argues the circuit court misstated and misapplied the law in concluding he must remain on the Missouri sex offender registry for his lifetime. The circuit court's judgment is affirmed.

## Facts and Procedural History

### *Brock Smith*

In May 2005, the State charged Smith with the offense of "sexual misconduct in the first degree." On December 18, 2005, Smith pleaded guilty to sexual misconduct in the first degree, pursuant to § 566.090, RSMo Supp. 2004, as charged. The circuit court suspended imposition of sentence and placed him on probation for two years, which Smith successfully completed. As a result of his guilty plea, Smith registered as a sex offender pursuant to the Missouri Sex Offender Registration Act, §§ 589.400, *et seq*. ("MO-SORA"), within the time period prescribed.

On January 20, 2021, Smith filed a petition for removal from the sex offender registry, pursuant to § 589.401. Smith alleged he is a tier I sex offender and is entitled to

---

[1] All statutory references are to RSMo Supp. 2018, unless otherwise indicated.

2

removal from the registry because he satisfied all registration requirements and more than 10 years had passed since he was required to register. The State denied Smith's allegations and requested his petition be dismissed. At a hearing on the petition, the State's sole objection was that, pursuant to § 589.400.1(7), Smith was not permitted to have his name removed from the Missouri sex offender registry because he is required to register under the separate requirements of the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901, *et seq*. ("SORNA"). The circuit court denied Smith's petition. The circuit court concluded MO-SORA, specifically § 589.400.1(7), requires lifetime registration for anyone who has ever had to register in Missouri for an offense that required registration under SORNA.

Smith appealed, and the court of appeals reversed. This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10.

*Gary Nelson Ford*

In January 2004, the circuit court convicted Ford, after he pleaded guilty, to three counts of child molestation in the second degree for subjecting a minor to sexual contact, pursuant to § 566.068, RSMo 2000. Ford's conviction renders him a tier I sex offender subject to a 15-year registration period. Ford was required to register as a sex offender pursuant to MO-SORA, and he has been registered in Missouri since 2004.

In December 2018, Ford filed a petition for removal from the sex offender registry. Ford alleged that, as a tier I offender, he was eligible for removal from the Missouri registry, pursuant to § 589.401. The Missouri State Highway Patrol and other defendants argued solely that, pursuant to § 589.400.1(7), Ford was not entitled to have

3

his name removed from the Missouri sex offender registry because of his separate obligation to register under SORNA. Ford does not dispute that he had previously been required to register under SORNA. The circuit court denied Ford's petition for removal. The circuit court concluded that MO-SORA, specifically § 589.400.1(7), requires lifetime registration for anyone who has ever had to register in Missouri for an offense that required registration under SORNA.

Ford appealed, and the court of appeals reversed. This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10.

**Standard of Review**

When reviewing a court-tried case, this Court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.,* 278 S.W.3d 670, 672 (Mo. banc 2009). "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then [this Court is] bound by that intent and cannot resort to any statutory construction in interpreting the statute." *Goerlitz v. City of Maryville,* 333 S.W.3d 450, 455 (Mo. banc 2011). "Courts look elsewhere for interpretation only when the meaning is ambiguous or would lead to an illogical result defeating the purpose of the legislature." *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo. banc 1998).

4

"[A] court must presume that the legislature acted with a full awareness and complete knowledge of the present state of the law." *State v. Rumble*, 680 S.W.2d 939, 942 (Mo. banc 1984). "Accordingly, when the legislature amends a statute, we presume the legislature intended to change the existing law." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 357 (Mo. banc 2021). "In determining legislative intent, no portion of a statute is read in isolation, but rather is read in context to the entire statute, harmonizing all provisions." *Aquila Foreign Qualifications Corp. v. Dir. of Revenue*, 362 S.W.3d 1, 4 (Mo. banc 2012).

> [W]here a statute is amended only in part, or as respects only certain isolated and integral sections thereof and the remaining sections or parts of the statute are allowed and left to stand unamended, unchanged, and apparently unaffected by the amendatory act or acts, it is presumed that the Legislature intended the unamended and unchanged sections or parts of the original statute to remain operative and effective, as before the enactment of the amendatory act.

*Citizens Bank & Trust Co. v. Dir. of Revenue, State of Mo.*, 639 S.W.2d 833, 835 (Mo. 1982) (alteration in original).

### Analysis

Smith argues the circuit court erred in denying his petition for removal from the Missouri sex offender registry because he is a tier 1 sex offender and § 589.400.1(7) does not mandate he register as a sex offender in Missouri for his lifetime. Ford argues the circuit court erred in denying his petition for removal from the Missouri sex offender registry because (1) § 589.401 provides the right to seek removal from the Missouri sex offender registry; (2) the circuit court misstated and misapplied the law; and (3) § 589.400.1(7) does not mandate he register as a sex offender in Missouri for his

5

lifetime. This Court finds both cases were correctly resolved by the circuit court's proper application of § 589.400.1(7).[2]

In 1994, Missouri enacted MO-SORA. *See* §§ 566.600, *et seq.*, RSMo 1994. MO-SORA sets forth the requirements to register as a sex offender. § 589.400. Section 589.400.1(7) imposes a registration requirement in Missouri for "[a]ny person who is a resident of this state who . . . *has been or is required to register* under tribal, *federal*, or military law[.]"[3] (Emphasis added). "The purpose of [MO-SORA], and of similar acts in other states, is to protect children from violence at the hands of sex offenders and to respond to the known danger of recidivism among sex offenders." *Doe v. Phillips*, 194 S.W.3d 833, 839 (Mo. banc 2006) (internal quotations and citation omitted).

Since 1994, Congress has required each state to maintain a federally compliant sex offender registration program to receive federal funding. In 2006, Congress enacted SORNA. 34 U.S.C. §§ 20901, *et seq.*[4] SORNA sought to make the various state programs more comprehensive, effective, and uniform. In pertinent part, SORNA provides, "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides[.]" 34 U.S.C. § 20913(a). A "sex offender" is "an individual who was convicted of a sex offense." *Id.* § 20911(1). A "sex offense" includes, among other things, "a criminal offense that has an element involving a sexual

---

[2] This Court, therefore, need not address Ford's remaining arguments.
[3] This provision was originally added as § 589.400.1(5), RSMo 2000. MO-SORA was later amended, and the provision was moved to § 589.400.1(7), RSMo Supp. 2018. For clarity, this opinion will use the current section number.
[4] Prior to September 2017, SORNA was codified in 42 U.S.C. §§ 16911 *et seq.* (2006). It is now codified, without substantive change, in 34 U.S.C. §§ 20911, *et seq.* (2017). For clarity, this opinion will use the current title and section numbers.

6

act or sexual contact with another" and "a criminal offense that is a specified offense against a minor." *Id.* § 20911(5)(A)(i), (ii). A "specified offense against a minor" includes, among other things, "[c]riminal sexual conduct involving a minor" and "[a]ny conduct that by its nature is a sex offense against a minor." *Id.* § 20911(7)(H), (I). SORNA divides sex offenders into three categories, based on the severity of the offense: tier I, tier II, and tier III. *Id.* § 20911(2)-(4). Tier I offenders are required to register for 15 years, tier II offenders are required to register for 25 years, and tier III offenders are required to register for their lifetimes. *Id.* § 20915(a)(1)-(3). In 2008, SORNA was applied to all sex offenders, including individuals who committed a sex offense prior to July 20, 2006. *See Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009).

In 2018, the General Assembly amended MO-SORA and made several substantive changes. It added a list of crimes exempt from registration. § 589.400.9. It divided sex offenders into three tiers, based on the severity of the offense. § 589.414.5-.7. Tier I offenders must be registered for 15 years, tier II offenders must be registered for 25 years, and tier III offenders must be registered for life. § 589.400.4(1)-(3). It added § 589.400.10, which provides: "Any person currently on the sexual offender registry for having been adjudicated for a tier I or II offense or adjudicated delinquent for a tier III offense or other comparable offenses listed under [§] 589.414 may file a petition [for removal from the registry] under [§] 589.401." It added § 589.401, which contains requirements, according to the tiered system, that an offender must meet to petition to have their name removed from the Missouri registry. A tier I offender may petition to have his or her name removed from the registry after 10 years, if certain requirements are

7

met.  § 589.401.4(1).  A tier II offender may petition to have his or her name removed from the registry after 25 years, if certain requirements are met.  § 589.401.4(2).  While the General Assembly added language to, and removed language from, subdivision (7) in the 2018 amendments to MO-SORA, the language imposing a registration requirement for "[a]ny person who is a resident of this state who . . . has been or is required to register under tribal, federal, or military law" remained unchanged.

Before the 2018 amendments to MO-SORA, Missouri courts consistently held that pursuant to § 589.400.1(7), sex offenders are required to register in Missouri for their lifetimes if they previously were required to register as sex offenders pursuant to SORNA, even if they are not presently required to register under SORNA.  *See, e.g.*, *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012); *Wilkerson v. State*, 533 S.W.3d 755, 760 (Mo. App. 2017).  "SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri."  *Keathley*, 290 S.W.3d at 720; *Toelke*, 389 S.W.3d at 167.  "[MO-]SORA registration requirements apply to any person who 'has been' required to register as a sex offender pursuant to federal law."  *Toelke*, 389 S.W.3d at 167.  "[E]ven if [the offender] presently is not required to register pursuant to SORNA, [the offender] 'has been' required to register as a sex offender and, therefore, is required to register pursuant to [MO-]SORA."  *Id.*

Because the language of § 589.400.1(7) is clear, it is improper for this Court to look beyond the plain language of the statute and to construe § 589.400.1(7) contrary to both the plain language and this Court's previous construction of the same statutory

provision.[5]  The registration requirement pursuant to § 589.400.1(7) continues even after the individual's federal registration obligation pursuant to SORNA has expired because "the state registration requirement is based on the person's present status as a sex offender who 'has been' required to register pursuant to SORNA."  *Toelke*, 389 S.W.3d at 167; § 589.400.1(7).  The General Assembly was aware of this Court's interpretation of § 589.400.1(7) at the time of the 2018 amendments and chose to leave the language regarding federal registration unchanged.  *See Selig v. Russell*, 604 S.W.3d 817, 824 (Mo. App. 2020).  Although Missouri courts have stated this result does not seem to comport with legislative intent, when the plain language of the statute is clear, this Court will not look beyond it.[6]

---

[5]  In reaching its conclusion, the dissenting opinion looks beyond the plain language of § 589.400.1(7).  The dissenting opinion acknowledges § 589.400.1(7) remained unchanged through the 2018 amendments to MO-SORA but then goes on to analyze the language of additional provisions of MO-SORA to determine § 589.400.1(7), as amended, removed the requirement that sex offenders in Missouri must register for their lifetimes if they have been subject to federal registration requirements under SORNA.  "The rules of statutory interpretation are not intended to be applied haphazardly or indiscriminately to achieve a desired result." *Parktown Imports.*, 278 S.W.3d at 672.

[6]  *See, e.g.*, *Wilkerson,* 533 S.W.3d at 761 ("The lifetime registration obligation which results from *Toelke* is far longer than the registration obligation imposed by *either* State or federal law, considered in isolation.  It is not clear that the General Assembly intended that an offender's registration obligation would 'ratchet up' in this way."); *Khatri v. Trotter*, 554 S.W.3d 482, 483 (Mo. App. 2018) ("Once again, despite the legislative intent that there be a method to be removed from the registry, we cannot affirm the judgment because of the requirement under [MO-SORA] that a person must register on the Missouri registry if the person has been required to register at any time on the federal registry."  (emphasis omitted)); *Dixon v. Mo. State Highway Patrol*, 583 S.W.3d 521, 525 (Mo. App. 2019) ("The 2018 amendments specified that only offenders in the highest tier – tier III – would be subject to a lifetime registration obligation."); *J.B. v. Vescovo*, 632 S.W.3d 861, 863-64 (Mo. App. 2021) (same); *Bacon v. Mo. State Highway Patrol*, 602 S.W.3d 245, 247 (Mo. App. 2020) ("Until recently, [MO-]SORA treated all sexual offenses the same and imposed on all offenders a lifetime registration requirement, with limited exceptions.").  Notably, however, *Dixon*, *J.B.*, and *Bacon* do not deal with the specific subdivision at issue here, § 589.400.1(7).  Although the dissenting opinion suggests *Wilkerson*, *Selig*, *Khatri*, and *James* "could be read as erroneously interpreting *Toelke*[,]" the dissenting

There are reasons the General Assembly would want to keep the language of § 589.400.1(7), and its interpretation, the same. SORNA requires every state "shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter." 34 U.S.C. § 20912(a). Certain federal funds are linked to Missouri's substantial compliance with SORNA. "For any fiscal year after the end of the period for implementation, a jurisdiction that fails, as determined by the Attorney General, to substantially implement this subchapter shall not receive 10 percent of the funds that would otherwise be allocated for that fiscal year to the jurisdiction under subpart 1 of part E of title I of the Omnibus Crime Control and Safe Streets Act of 1968[.]" 34 U.S.C. § 20927(a) (citation omitted). Therefore, it is not unreasonable to presume the General Assembly would maintain this "catch-all" provision in § 589.400.1(7) to ensure Missouri is fully in compliance with federal registration requirements and safeguard Missouri's federal funding.[7] Additionally, there may be some persons who were previously required to register in Missouri but do not otherwise have SORNA registration requirements; therefore, they may seek removal from the Missouri sex offender registry. *See Selig*, 604 S.W.3d at 824 ("There still may be those persons whose offense is exempt pursuant to section 589.400.9, who do not otherwise have SORNA registration requirements, and are thus exempt from all registration under MO-SORA.").

---

opinion provides no support for its contention that its interpretation of *Toelke*, rather than the principal opinion's interpretation or the court of appeals' interpretation, is correct.
[7] In arguing the principal opinion's interpretation of § 589.400.1(7) leads to an absurd result, the dissenting opinion fails to acknowledge certain federal funding being linked to Missouri's substantial compliance with SORNA.

10

Even more significantly, had the General Assembly not intended for § 589.400.1(7) to continue to be construed in the manner this Court has consistently construed it, the General Assembly could have amended that provision in 2018 along with the other substantive changes to MO-SORA. Because § 589.400.1(7) is not ambiguous, this Court must apply § 589.400.1(7) according to its plain language.[8]

---

[8] Even if this Court were to resort to rules of statutory interpretation, the result remains the same. "Where statutory interpretation is necessary, statutory language is considered in context and in comparison with other sections to determine its meaning." *St. Louis Cnty. v. Prestige Travel, Inc.*, 344 S.W.3d 708, 714 (Mo. banc 2011). Section 589.400.1 provides the provisions of MO-SORA "shall apply to" eight different subsections. Sections 589.400.1(1)-(6), (8) set forth the different categories of offenders that impose the registration requirement under MO-SORA. Section 589.400.1(1) is the subdivision for violations of law referenced in section 589.414. Section 589.400.1(1) provides for the registration of "[a]ny person who, since July 1, 1979, has been or is hereafter adjudicated for an offense referenced in [§] 589.414, *unless such person is exempt from registering under . . . [§] 589.401*[.]" (Emphasis added). Section 589.400.1(7) is the subdivision for violations of federal law and provides in part: "Any person who is a resident of this state who has, since July 1, 1979, been or is hereafter adjudicated in any other state, territory, the District of Columbia, or foreign country, or under federal, tribal, or military jurisdiction for an offense which, if committed in this state, would constitute an offense listed under [§] 589.414, or has been or is required to register in another state, territory, the District of Columbia, or foreign country, *or has been or is required to register under tribal, federal, or military law*[.]" (Emphasis added). The General Assembly did not include the registration exemption language found in § 589.400.1(1), applicable to § 589.414 violations, in § 589.400.1(7), applicable to federal law violations, that would allow a § 589.400.1(7) offender to be exempt or removed from the registry pursuant to § 589.401 and the new § 589.414 tiered system implemented in 2018. In fact, the General Assembly did not include such language reflecting exemptions or removal in any section other than § 589.400.1(1), applicable to § 589.414 violations. The lack of an avenue to seek exemption or removal pursuant to MO-SORA based on independent federal registration requirements of SORNA can also be seen in § 589.400.3. Section 589.400.3 provides exemptions from the registration requirements of MO-SORA. The two exemptions arguably applicable to these cases are found in subdivisions (1) and (2) of section 589.400.3. Both of these exemptions relate to the right to be removed pursuant § 589.401 and the new tier system in § 589.414. As discussed above, § 589.414 provides the MO-SORA tiered system and certain tiers of offenders required to register under MO-SORA may seek removal pursuant to § 589.401. The General Assembly did not include the registration exemption language found in § 589.400.1(1), applicable to law § 589.414 violations, in § 589.400.1(7), applicable to federal law violations, that would allow § 589.400.1(7) offenders to be entitled to removal pursuant to subdivisions (1) or (2) of section 589.400.3 exemptions related to § 589.401 and § 589.414's tiered system. This statutory language, viewed in context with the various sections of MO-SORA, illustrates the General Assembly's intent to retain the

11

So long as the General Assembly does not change the text of § 589.400.1(7), this Court is persuaded it should continue to apply § 589.400.1(7) as mandating a lifetime registration requirement in Missouri if an offender "has been" subject to federal registration requirements under SORNA.

*Brock Smith*

Smith pleaded guilty to sexual misconduct in the first degree. At the time of the offense, sexual misconduct in the first degree was codified under § 566.090, RSMo Supp. 2004, which provided:

> 1. A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact without that person's consent.
>
> 2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.

Smith meets the definition of a sex offender under SORNA. 34 U.S.C. § 20911(1). Smith's offense meets the definition of a sex offense under SORNA. *Id.* § 20911(5)(A). Smith is a tier I sex offender, which carries a registration period of 15 years. *Id.*

---

lifetime registration "catch all" requirement via § 589.400.1(7) due to an independent federal registration obligation.

The General Assembly's intent in structuring these exemption and removal provisions, without reference to the independent registration obligation contained in § 589.400.1(7), is especially clear when viewed in light of the Missouri funding at stake in the event of noncompliance with federal standards, as discussed in more detail above. While the General Assembly made substantial changes to MO-SORA and shortened the requirements for some offenders required to register under MO-SORA, it did not similarly shorten requirements for offenders required to register under both MO-SORA and SORNA, as shown in comparing §§ 589.400.1(1), 589.400.1(7), 589.400.3(2), 589.401, and 589.414.

§ 20915(a)(1). Smith's registration period commenced when he was "sentenced for the offense giving rise to the registration requirement." 28 C.F.R. § 72.5(b)(2). Smith's 15-year registration period ran from 2005 to 2020. Therefore, at a minimum, Smith was required to register federally from 2008 to 2020.

Because Smith had been required to register under SORNA, § 589.400.1(7) requires Smith to register in Missouri. *Toelke*, 389 S.W.3d at 167. Therefore, the circuit court did not err in denying Smith's petition for removal from the Missouri registry and finding Smith is not eligible to have his name removed from the Missouri registry because he "has been . . . required to register under . . . federal . . . law[.]" § 589.400.1(7).

*Gary Nelson Ford*

Ford pleaded guilty to three counts of the class A misdemeanor of child molestation in the second degree, pursuant to § 566.068, RSMo 2000, which provided:

> 1. A person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact.
>
> 2. Child molestation in the second degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner, or the offense is committed as part of a ritual or ceremony, in which case the crime is a class D felony.

Ford meets the definition of a sex offender under SORNA. 34 U.S.C. § 20911(1). Ford's offense meets the definition of a sex offense under SORNA. *Id.* § 20911(5)(A). Ford's offense also meets the definition of a specified offense against a minor. *Id.*

13

§ 20911(7)(H), (I).  Ford is a tier I sex offender, which carries a registration period of 15 years.  *Id.* § 20915(a)(1).  Ford's registration period commenced when he was "sentenced for the offense giving rise to the registration requirement."  28 C.F.R. § 72.5(b)(2).  Ford's 15-year registration period ran from 2004 to 2019.  Therefore, at a minimum, Ford was subject to federal registration from 2008 to 2019.

Because Ford had been required to register under SORNA, § 589.400.1(7) requires Ford to register in Missouri.  *Toelke*, 389 S.W.3d at 167.  Therefore, the circuit court did not err in denying Ford's petition for removal from the Missouri registry and finding Ford is not eligible to have his name removed from the Missouri registry because he "has been . . . required to register under . . . federal . . . law[.]"  § 589.400.1(7).

## Conclusion

The circuit court did not err in concluding Smith and Ford were not entitled to removal from the Missouri sex offender registry because § 589.400.1(7) mandates registration for a person's lifetime if they "ha[ve] been . . . required to register under . . . federal . . . law[.]"  The circuit court's decisions are affirmed.

_____
Zel M. Fischer, Judge

Wilson, C.J., Russell, Powell and Ransom, JJ., concur;
Breckenridge, J., dissents in separate opinion filed;
Draper, J., concurs in opinion of Breckenridge, J.



# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| BROCK SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99715 |
| | ) | |
| ST. LOUIS COUNTY POLICE, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

and

| | | |
|---|---|---|
| GARY NELSON FORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99714 |
| | ) | |
| COL. JON BELMAR, CHIEF OF | ) | |
| POLICE AS CHIEF LAW | ) | |
| ENFORCEMENT OFFICER OF | ) | |
| ST. LOUIS COUNTY, PURSUANT | ) | |
| TO COUNTY CHARTER, | ) | |
| AND | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL, | ) | |
| AND | ) | |
| JIM BUCKLES, SHERIFF OF | ) | |
| ST. LOUIS COUNTY AS "CHIEF LAW | ) | |
| ENFORCEMENT OFFICIAL" AS | ) | |
| DEFINED BY RSMO 589.404(3), | ) | |
| | ) | |
| Respondents. | ) | |

DISSENTING OPINION

I respectfully dissent because I do not concur with the analysis or conclusion of the principal opinion. The claims of error raised on appeal by Brock Smith and Gary Ford should be resolved by properly applying the language of the Missouri Sex Offender Registry Act (MO-SORA), sections 589.400 to 589.425.[1] In affirming the circuit court's judgments denying Mr. Smith's and Mr. Ford's petitions to be removed from Missouri's sex offender registry, the principal opinion reads subdivision (7) of section 589.400.1 out of context and misstates this Court's holding in *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012). In the first instance, the principal opinion ignores the first seven words in section 589.400.1 that precede the eight subdivisions that follow. When properly read, the plain language of section 589.400.1(7) does not mandate lifetime registration for every person who has been or is required to register under federal law. The relevant portion of section 589.400.1(7) states, "Sections 589.400 to 589.425 shall apply to:  . . . (7)  Any person who is a resident of the state who . . . has been or is required to register under . . . federal law[.]" Subdivision (7)  provides merely that residents of Missouri who have ever been required to register by federal law are subject to MO-SORA's provisions.

Additionally, contrary to the principal opinion's characterization of this Court's opinion in *Toelke*, 389 S.W.3d at 167, it did not hold section 589.400.1(7), RSMo Supp. 2011, imposed a lifetime registration requirement on a person who was, at any time,

[1] Statutory references are to RSMo Supp. 2018, unless otherwise noted. Although technically redundant, references to RSMo Supp. 2018 are occasionally used in the body for emphasis.

2

required to register under federal law. Instead, the Court, in *Toelke*, held the lifetime registration requirements of sections 589.400 to 589.425, RSMo Supp. 2011, were made applicable to persons who had been or were then required to register under tribal, federal, or military law by section 589.400.1(7). The principal opinion's mischaracterization of the Court's holding in *Toelke* is the foundation for its finding the General Assembly's failure to amend section 589.400.1(7), when it amended other provisions of MO-SORA in 2018, shows its intent to continue mandatory lifetime registration for persons who have ever been required to register under federal law. The principal opinion then employs that mischaracterization to justify not applying the registration requirements in section 589.400.3-.4, enacted in 2018. The plain language of section 589.400.1(7) and the *Toelke* opinion compel the contrary conclusion – persons who have been or are required to register under federal law, such as Mr. Smith and Mr. Ford, must comply with the registration requirements in section 589.400.3-.4, RSMo Supp. 2018, and may be entitled to have their names removed from the registry under section 589.411.

The resolution of Mr. Smith's and Mr. Ford's claims on appeal is straightforward under MO-SORA's plain language. First, subdivision (7) of section 589.400.1 provides:

> Sections 589.400 to 589.425 shall apply to: . . . **Any person who is a resident of this state who** has, since July 1, 1979, been or is hereafter adjudicated in any other state, territory, the District of Columbia, or foreign country, or under federal, tribal, or military jurisdiction for an offense which, if committed in this state, would constitute an offense listed under section 589.414, or has been or is required to register in another state, territory, the District of Columbia, or foreign country, or **has been or is required to register under** tribal, **federal**, or military **law** . . . .

3

Section 589.400.1(7) (emphasis added).[2] Because Mr. Smith and Mr. Ford concede they each have been required to register under federal law, section 589.400.1(7) makes "sections 589.400 to 589.425" applicable to them. The registration requirements applicable to all persons subject to MO-SORA's provisions are established by subsections 3 and 4 of section 589.400.[3]

Subsection 3 of section 589.400 unambiguously provides: "The registration requirements of sections 589.400 through 589.425" and, therefore, Mr. Smith's and Mr. Ford's registration requirements "**shall be as provided under subsection 4 of this section,**" subject to exceptions.[4] (Emphasis added). In turn, subsection 4 provides:

---

[2] The purpose of subdivision (7) of section 589.400.1 is to ensure the registration requirements of MO-SORA encompass all individuals required to register under the federal Sex Offender Registration and Notification Act (SORNA) so no federal funds are withheld from Missouri for failure to comply with SORNA's mandates. *See* 34 U.S.C. § 20927(a). Subdivision (7) accomplishes that, in conjunction with section 589.414, by making MO-SORA applicable to all offenders required to register under SORNA. Sections 589.400.1(7); 589.414.5(2); 589.414.6(3); 589.414.7(4). Subsections 3 and 4 of section 589.400 then mandate that those offenders register for durations matching those required under SORNA. *Compare* section 589.400.4(1)-(3), *with* 34 U.S.C. § 20915(a)(1)-(3). Together, these statutes implement SORNA's requirements that all sex offenders register, including those convicted under tribal, federal, or military law, and that tier I, II, and III sex offenders register for 15 years, 25 years, and life, respectively. *See* 34 U.S.C. §§ 20911(1); 20911(5)(A)(i); 20911(6); 20913(a); 20915(a)(1)-(3).

[3] Because this opinion undertakes an analysis of more than one section of MO-SORA to determine the registration requirements applicable to Mr. Smith and Mr. Ford, as subdivision (7)'s reference to "sections 589.400 to 589.425" requires, the principal opinion asserts this opinion applies the rules of statutory interpretation "haphazardly or indiscriminately to achieve a desired result." That criticism is misdirected, as is evident from a comparison of the analyses in the two opinions.

[4] Registration requirements are as provided in subsection 4 of section 589.400 unless:

(1) All offenses requiring registration are reversed, vacated, or set aside;

4

The registration requirements shall be as follows:

(1) **Fifteen years if the offender is a tier I sex offender as provided under section 589.414**;

(2) Twenty-five years if the offender is a tier II sex offender as provided under section 589.414; or

(3) The life of the offender if the offender is a tier III sex offender.

Section 589.400.4 (emphasis added). Assuming Mr. Smith and Mr. Ford are tier I sexual offenders, as found by the principal opinion, section 589.400.4(1) requires them to register for 15 years.

Rather than apply the registration requirements in subsections 3 and 4 of section 589.400, RSMo Supp. 2018, that currently apply to all persons required to register under MO-SORA, the principal opinion concludes section 589.400.1(7) imposes an independent *lifetime* registration requirement on persons who have been required to register under federal law that the General Assembly intended to continue to apply when it amended MO-SORA in 2018. That conclusion, however, is not supported by the plain language of the statute or this Court's precedent.

Prior to 2018, the relevant provision governing the duration of registration was section 589.400.3, RSMo 2016. That section provided, as it had since 2000: "The registration requirements of sections 589.400 through 589.425 are lifetime registration requirements . . . ." Section 589.400.3, RSMo 2016. Consequently, prior to 2018, a person who has been required to register under federal law was required to register in Missouri for

---

(2) The registrant is no longer required to register and his or her name shall be removed from the registry under the provisions of section 589.414; or

(3) The court orders the removal or exemption of such person from the registry under section 589.401.

Section 589.400.3.

5

life because section 589.400.3, RSMo 2016 – which section 589.400.1(7) made applicable to that person – required lifetime registration. This Court's decision in *Toelke*, 389 S.W.3d at 167, properly reached this conclusion based on the language in sections 589.400 to 589.425 at the time it was decided.

In 2018, the General Assembly amended MO-SORA in Senate Bill No. 655 (SB 655). Under the 2018 amendments, section 589.400.1(7) was unchanged so it continued to make "sections 589.400 to 589.425" applicable to the categories of persons it specified prior to 2018. But the General Assembly repealed the lifetime registration requirement for all offenders in section 589.400.3. In its place, the General Assembly enacted new language in section 589.400.4 establishing the registration requirements of "sections 589.400 through 589.425." In addition to other amendments in 2018, section 589.400.3-.4 was amended to provide:

> 3. The registration requirements of sections 589.400 through 589.425 ~~are lifetime registration requirements~~ **shall be as provided under subsection 4 of this section** unless:
> (1) All offenses requiring registration are reversed, vacated, or set aside;
> (2) The registrant is no longer required to register and his or her name shall be removed from the registry under the provisions of section 589.414; or
> (3) The court orders the removal or exemption of such person from the registry under section 589.401.
>
> * * *
>
> 4. The registration requirements shall be as follows:
> (1) Fifteen years if the offender is a tier I sex offender as provided under section 589.414;
> (2) Twenty-five years if the offender is a tier II sex offender as provided under section 589.414; or
> (3) The life of the offender if the offender is a tier III sex offender.

6

(Emphasis added).[5]  Therefore, when the General Assembly amended MO-SORA in 2018, it removed the lifetime registration requirement for all offenders previously imposed under section 589.400.3 and, instead, provided a person's registration requirements are determined by his or her classification within the tiered system established in section 589.414.  Section 589.400.3-.4.  There is no language in SB 655 excepting persons required to register under SORNA from the registration requirements in subsection 4 of section 589.400.   The only language excepting persons from the registration requirements in subsection 4 is language in subsection 3 recognizing persons who are no longer required to register.  Section 589.400.3(1)-(3).  As part of its new registration scheme, the General Assembly also enacted section 589.401 to establish a process for an eligible offender to seek removal of his or her name from the registry upon a showing that he or she meets the criteria provided therein.

In ruling otherwise, the principal opinion does not acknowledge the seven words of subsection 1 that precede its eight subdivisions and reads the language in subdivision (7) out of context.  In addition to reading the language out of context, it holds the language imposes a lifetime registration requirement when no language concerns registration

_____

[5] The registration periods provided in section 589.400.4(1)-(3), RSMo Supp. 2018, correspond to those required under SORNA, which provides:
> A sex offender shall keep the registration current for the full registration period (excluding any time the sex offender is in custody or civilly committed) unless the offender is allowed a reduction under subsection (b). The full registration period is--
> (1) 15 years, if the offender is a tier I sex offender;
> (2) 25 years, if the offender is a tier II sex offender; and
> (3) the life of the offender, if the offender is a tier III sex offender.
34 U.S.C. § 20915(a).

requirements. Importantly, the principal opinion holds section 589.400.1(7) imposes a lifetime registration requirement when the word "lifetime" is not in the current, or any prior, version of section 589.400.1(7).

Instead of analyzing the language of section 589.400, the principal opinion utilizes an interpretation of MO-SORA that predates the 2018 amendments. It states: "Before the 2018 amendments to MO-SORA, Missouri courts consistently held that pursuant to § 589.400.1(7), a sex offender is required to register in Missouri for their lifetime if they previously were required to register as a sex offender pursuant to SORNA, even if they are not presently required to register under SORNA." By that statement, the principal opinion suggests any decision by this Court regarding pre-2018 MO-SORA held the lifetime registration requirement was imposed by section 589.400.1(7) and, as a consequence, erroneously declares its present effect.

It is true that, before the 2018 amendments, the Court held a sex offender was required to register in Missouri for his or her lifetime if the person was previously required to register as a sex offender pursuant to SORNA. *Toelke*, 389 S.W.3d at 167. But the Court did not state the lifetime registration requirement was imposed by section 589.400.1(7). Rather, in *Toelke*, the Court held the lifetime requirements imposed by sections 589.400 to 589.425, RSMo Supp. 2011, were applicable to certain persons, including any person who has been or is required to register under federal law, citing section 589.400.1(7), RSMo Supp. 2011. It stated:

> Section 589.400.1 provides that the lifetime registration requirements of **"[s]ections 589.400 to 589.425 shall apply to"** any person who meets certain conditions. The mandatory registration requirement of SORA applies to

8

> "[a]ny person who ... has been or is required to register in another state or has been or is required to register under tribal, federal, or military law...." Section 589.400.1(7).

*Toelke*, 389 S.W.3d at 167 (alteration in original) (emphasis added).[6]

Under the version of MO-SORA in effect at that time, the Court was correct to hold "the lifetime registration requirements of sections 589.400 to 589.425" applied to a person who has been required to register under federal law. At that time, section 589.400.3 provided "the registration requirements of sections 589.400 through 589.425 are lifetime registration requirements." Section 589.400.3, RSMo Supp. 2011. And section 589.400.1(7), RSMo Supp. 2011, made section 589.400.3, RSMo Supp. 2011, applicable to any person who had been required to register under federal law. But this Court did not hold section 589.400.1(7), RSMo Supp. 2011, alone, imposed a lifetime registration requirement independently of any other provision in sections 589.400-.425, RSMo Supp. 2011.

Subsequently, the court of appeals issued decisions that could be read as erroneously interpreting *Toelke* to hold section 589.400.1(7) subjected an offender to a "*lifetime* registration obligation under State law, if he or she was *ever* required to register under federal law." *Wilkerson v. State*, 533 S.W.3d 755, 761 (Mo. App. 2017); *see also Selig v. Russell*, 604 S.W.3d 817, 823 (Mo. App. 2020); *Khatri v. Trotter*, 554 S.W.3d 482, 485 (Mo. App. 2018); *James v. Mo. State Highway Patrol*, 505 S.W.3d 378, 383 (Mo. App.

---

[6] The principal opinion asserts this opinion "provides no support for its contention [its] interpretation of *Toelke*, rather than the principal opinion's interpretation or the court of appeal's interpretation, is correct." That criticism is misdirected, as is again evident from a comparison of the analyses in the two opinions.

9

2016). Nonetheless, this Court's decision in *Toelke* controls over any subsequent decisions misinterpreting it. Mo. Const. art. V, sec. 2.

Because this Court did not hold, prior to the 2018 amendments, that section 589.400.1(7), RSMo 2016, or prior versions imposed a lifetime registration requirement independently of any other provisions within sections 589.400-.425, it is improper to presume the General Assembly intended that nonexistent interpretation of section 589.400.1(7) when it chose not to amend it in 2018, as the principal opinion argues. Rather, the General Assembly is presumed to know the law, *Roesing v. Dir. of Revenue*, 573 S.W.3d 634, 639 (Mo. banc 2019), so it presumptively knew the law was what this Court actually declared in *Toelke* and not erroneous interpretations of *Toelke* in any court of appeals decision. As a consequence, the presumption that the General Assembly acted with full awareness of existing law and this Court's interpretations of MO-SORA supports only the conclusion the General Assembly intended section 589.400.1(7) to continue to do what this Court has always said it does – make "sections 589.400 to 589.425" applicable to the categories of persons defined therein. *Toelke*, 389 S.W.3d at 167.

Finally, the principal opinion's interpretation of section 589.400.1(7) leads to an absurd result and, for that reason, must be avoided. "Statutes cannot be interpreted in ways that yield unreasonable or absurd results." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 358 (Mo. banc 2021). Nearly every person convicted of a sexual offense in Missouri is required to register pursuant to SORNA, and, under the principal opinion's interpretation, section 589.400.1(7) requires all such persons to register for their lifetimes, regardless of

10

any other provision in sections 589.400 to 589.425.[7]  The result is that the vast majority of

persons convicted of a sexual offense in Missouri would have a lifetime registration

requirement notwithstanding the provisions adopting a tiered scheme corresponding to

SORNA and the provisions for removal the General Assembly saw fit to enact in 2018.

Under the principal opinion's interpretation, almost no one will be entitled to the benefit

of the tiered scheme or the provision permitting removal from the registry, and the General

Assembly's newly enacted provisions have little effect.  Contrary to the principal opinion's

interpretation, the plain and ordinary language of sections 589.400.1(7), 589.400.3, and

589.400.4 gives effect to the registration requirements in section 598.400.4 and allows for

removal from the registry pursuant to section 589.401, as the General Assembly clearly

intended.

Correctly interpreting this Court's holding in *Toelke* and applying the plain and

ordinary language in sections 589.400 to 589.425 shows there is no valid basis to hold

section 589.400.1(7) imposes a lifetime registration requirement on persons who have been

or are required to register under federal law.  While section 589.400.1(7) continues to make

---

[7] It is true section 589.400.1(7) makes MO-SORA applicable to a person who has been required to register under SORNA without regard to whether that person's offense would have otherwise obligated him or her to register under Missouri law.  Therefore, if a person commits an offense that requires registration under SORNA, that person must register in Missouri pursuant to:  (1) SORNA's provisions requiring offenders to register "in each jurisdiction where the offender resides," *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009), and (2) section 589.400.1(7), which makes "sections 589.400 to 589.425" applicable to that person.  Even in that circumstance, however, an offender's registration requirement under MO-SORA must still be determined by reference to provisions of sections 589.400 to 589.425 beyond section 589.400.1(7).

11

"sections 589.400 to 589.425" applicable to any person who has been required to register under federal law, as it did prior to 2018, the registration requirements of "sections 589.400 to 589.425" must be applied as amended in 2018. Because the principal opinion's analysis fails to apply the plain and ordinary language of sections 589.400.1(7), 589.400.3-.4, and 589.401, RSMo Supp. 2018; misstates this Court's holding in *Toelke*; and misapplies the rules of construction to presume the legislature's intent in not amending section 589.400.1(7), it reaches the incorrect conclusion that section 589.400.1(7) requires Mr. Smith and Mr. Ford to register for their lifetimes. Under the 2018 amendments, tier I offenders like Mr. Smith and Mr. Ford are required to register for 15 years, just as they are under federal law. Section 589.400.4(1); 34 U.S.C. § 20915(a). For these reasons, I dissent.

_____

PATRICIA BRECKENRIDGE, JUDGE